UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

JEFFERSON G. CALHOUN,   Case No. 10-01331-MAM

*Debtor*.

**ORDER OVERRULING OBJECTIONS AND CONFIRMING
DEBTOR'S PLAN OF REORGANIZATION**

This matter is before the Court on GE Commercial Finance Business Property Corporation's and Zions First National Bank's Objections to Confirmation of the Debtor's Plan of Reorganization. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has authority to enter a final order. For the following reasons, the Objections to Confirmation are due to be OVERRULED and the Plan is due to be CONFIRMED.

FACTS

The Debtor, Mr. Calhoun, owned a large interest in PRP, Inc., a corporation engaged in the operation of several Arby's restaurants. PRP, Inc. filed a voluntary chapter 11 petition on January 11, 2010, prompting Mr. Calhoun to file his own voluntary chapter 11 petition on March 26, 2010. Mr. Calhoun owns commercial properties in Semmes, Alabama, Bay Minette, Alabama, and Pascagoula, Mississippi which he leased to PRP (the franchise holder). The three properties are encumbered as follows:

- 1551 Denny Ave., Pascagoula, MS – Hancock Bank holds a secured claim for $488,500.

1

- 3441 Schillinger Road, Semmes, AL – GE Capital Solutions holds a secured claim for $296,000.

- 620 McMeans Ave, Bay Minette, AL – Zion First National Bank holds a secured claim for $504,000.

In Mr. Calhoun's Disclosure Statement he also lists the following properties with creditors holding secured claims:

- 14395 Riverside Drive, Magnolia Springs, AL - Hancock Bank holds a secured claim for $472,000.
- 31542 Rhett Drive, Spanish Fort, AL – Hancock Bank holds a secured claim for $263,772.
- 809 US Hwy 43, Saraland, AL – FFCA/Irwin Capital holds a secured claim for $558,000.
- Ford Motor Credit also held a secured claim for $28,000 on the Debtor's vehicle.

During PRP's chapter 11 case, the Court entered an order setting forth an agreement between GE and PRP under which PRP would make monthly payments on the Semmes location to Mr. Calhoun who would in turn remit monthly adequate protection payments of $4,635.83 to GE. In Mr. Calhoun's own chapter 11 case, the court entered an order setting forth an agreement between Zions First and Mr. Calhoun under which the Debtor would make monthly payments of $2,500 to Zions First as adequate protection on the Bay Minette location. PRP's case converted to one under chapter 7 on January 21, 2011, and most of its Arby's locations were sold to Beavers Southeast, LLC. Mr. Calhoun retained the three commercial properties which he leased to Beavers on a month-to-month basis.

The Debtor submitted a plan of reorganization on March 9, 2011. The Debtor proposes to fund the plan with rental property income and income from a consulting job. The plan proposes to pay secured and priority creditors in full to the extent of their allowed claims over a period of time and offers each unsecured creditor a pro rata share of a monthly payments of
2

$3,000, resulting in a dividend of approximately 5% of the allowed amount of each unsecured claim.

Prior to the confirmation hearing, GE (Class 1) and Zions First National Bank (Class 3) rejected the plan. Hancock Bank (Classes 2, 4, and 5) initially voted to reject, but changed its vote at the confirmation hearing in light of minor amendments to the plan. Ford Motor Credit (Class 7), the Internal Revenue Service (Class 8), and the General Unsecured Creditors (Class 9) accepted the plan. FFCA/Irwin Capital (Class 6) did not vote. GE and Zions object to confirmation under § 1129(a)(11) arguing that the plan is not feasible and that it violates the absolute priority rule. Zions also objects to the plan on the grounds that it does not meet § 1123(a)(5) because it fails to provide for adequate means of implementation.

At the hearing, the Debtor testified that he receives approximately $18,000 each month from Beavers Southeast and $3,200 each month from Just Cause, Inc. Although there is no long term lease with Beavers, the Debtor testified that he has had contact with four different individuals interested in potentially leasing the Schillinger property should the arrangement with Beavers fall through. While the Debtor discussed a ballpark figure for rent with the interested parties, no letters of intent have been signed nor has the Debtor discussed detailed operating information with them.

The Debtor testified that should he experience a severe decrease in rental income, he would be able to continue funding the plan for 90 days with his income from Just Cause, Inc., and from cash reserves he would receive as a gift. By way of example, the Debtor pointed out that even though he received no rental income from Beavers for the month of October, he was still able to make timely payments.

3

LAW

A court will confirm a proposed Chapter 11 reorganization plan if it meets all the requirements of 11 U.S.C. § 1129(a). Where a plan is not unanimously accepted by all of the impaired classes, a non-consensual plan may still be confirmed as long as it meets the other requirements of § 1129(a), "does not discriminate unfairly, and is fair and equitable" with respect to each class of claims or interests dissenting, and meets the requirements of § 1129(b) as to the dissenting class. *In re Henderson*, 341 B.R. 783, 788 (M.D. Fla. 2006), *quoting Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 LaSalle St. P'ship*, 526 U.S. 434, 441-42 (1999). The Debtor must prove its case by a preponderance of the evidence. *In re Briscoe Enterprises, Ltd., II*, 994 F.2d 1160, 1165 (5th Cir. 1993). In the recent decision of *In re Lett*, 632 F.3d 1216 (11th Cir. 2011), the Eleventh Circuit indicated that, when confirming a plan, a judge should review each plan for compliance with all applicable sections of 11 U.S.C. § 1129. Based upon the Court's review of the Debtor's testimony, the Disclosure Statement, and the plan, all the requirements of § 1129(a) are met.

The Court concludes that the specific objections of GE and Zions under 11 U.S.C. § 1129(a)(5) and (a)(11) are due to be overruled. 11 U.S.C. § 1129(a)(11) requires that a debtor demonstrate that confirmation of a plan is not likely to be followed by liquidation or the need for further reorganization (unless the plan specifically provides for it). To meet this requirement a debtor must show that a plan offers a reasonable prospect of success and is workable. *In re Haas*, 162 F.3d 1087, 1090 (11th Cir. 1998). Section 1129(a)(11) is intended to prevent confirmation of "visionary schemes" that promise creditors more than a debtor could possibly attain after confirmation. *See, e.g., Travelers Ins. Co. v. Pikes Peak Water Co.*, 779 F.2d 1456, 1460 (10th Cir. 1985). The Code does not require a debtor to prove that success is inevitable,

4

and a relatively low threshold of proof will satisfy § 1129(a)(11) so long as adequate evidence supports a finding of feasibility. *General Elec. Credit Equities, Inc. v. Brice Road Dev.*, LLC, 392 B.R. 274, 283 (B.A.P. 6th Cir. 2008).

In this case, the Debtor has met the requirements of § 1129(a)(11). He testified that there are parties interested in leasing his commercial properties should his month-to-month lease with Beavers end. He also testified that in the event he cannot find an immediate renter, he will be able to continue making plan payments for approximately three months. While he has not provided evidence sufficient to guarantee the success of his plan, he has provided evidence sufficient to prove his plan is feasible, and therefore the Objections to Confirmation under § 1129(a)(11) are overruled.

11 U.S.C. § 1123(a)(5) requires that a plan shall provide adequate means for the plan's implementation. In this case, the plan contains provisions relating to funding the plan and the revesting of assets in the Debtor as well as provisions relating to the reservation of rights of action, limitation of liability, setoffs, unclaimed property, and retention of jurisdiction. These provisions provide adequate means for the implementation of the plan and indicate that the plan is proposed in good faith, therefore the Objection to Confirmation under 11 U.S.C. § 1123(a)(5) is overruled.

Since Class 1(GE) and Class 3 (Zions) rejected the plan, the Court must also determine that the plan meets the requirements of § 1129(b) as to the rejecting classes. GE is oversecured and it is being paid in full under the plan. Therefore the plan does not discriminate unfairly against GE, and the plan is fair and equitable because GE is retaining its lien and is being paid in full. Zions' secured claim is likewise properly paid under the plan. Zions is retaining its lien

Case 10-01331    Doc 193    Filed 08/19/11    Entered 08/19/11 14:27:58    Desc Main
Document      Page 5 of 6

and the secured portion of its claim is being paid in full. The requirements of § 1129(b) are met with regard to Zions' claim.

As to Zions' unsecured claim, Zions is being paid less than 100% of its claim and Mr. Calhoun is retaining three properties, including one on which Zions has a lien. Therefore, there is a possible violation of the absolute priority rule as to Zions. However, Zions only filed a Class 3 Secured Claim ballot and not a Class 9 General Unsecured Claim ballot. Class 9, without a ballot rejecting the plan by Zions, accepted the plan. Since Class 9 accepted the plan, the § 1129(b)(2)(B) requirements need not be met for the unsecured class, including the requirement of not violating the absolute priority rule. Zions' objection is due to be overruled. GE also objected to the plan on absolute priority grounds. GE, being fully secured, is being properly treated and has no grounds to object on the basis of § 1129(b)(2)(B). *See, e.g. In re Basha's Inc.*, 437 B.R. 874 (Bankr. D. Ariz. 2010).

For the reasons stated above, the Objections to Confirmation are OVERRULED and the Debtor's Plan of Reorganization is CONFIRMED.

Dated:   August 19, 2011

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE